IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The Home Loan Savings Bank,

    Plaintiff,

v.

City of Coshocton, *et al.*,

    Defendants.

Case No: 2:21-cv-133

Judge Graham

Magistrate Judge Jolson

<u>Opinion and Order</u>

Plaintiff Home Loan Savings Bank brings this action under 42 U.S.C. § 1983 against defendants City of Coshocton and the Coshocton City Utilities Department. Home Loan owns real property in Coshocton and alleges that defendants violated its right to due process when they, by operation of city ordinance, charged Home Loan with unpaid water bills incurred by the previous property owner.

This matter is before the Court on defendants' motion for summary judgment. As set forth below, the Court grants the motion as to Home Loan's federal due process claim and declines to exercise supplemental jurisdiction over Home Loan's state law claims.

**I.    Background**

Home Loan provided loans, secured by mortgages, to a private citizen for the purchase of two parcels of real property in Coshocton, Ohio. Defendants supplied water services to both properties. The home owner fell behind on his mortgage payments and his water bills. He deeded the properties to Home Loan in lieu of foreclosure, and Home Loan recorded its interest in the properties.

Following the transfers of title, defendants sent invoices to Home Loan demanding payment of the unpaid water charges incurred by the prior owner. They made the demand pursuant to City of Coshocton Codified Ordinances 933.04 and 933.08. Ordinance 933.04 provides that the "Owner shall be responsible for the payment of all water service charges regardless of the party or parties occupying, using or consuming water service at the Served Premises." Ordinance 933.08 provides that "[a]ny conveyance of title shall be subject to any past due or then current but unpaid water, wastewater and

1

sanitation charges and shall remain subject to the termination provisions contained in this Chapter 933."

Home Loan filed suit alleging that defendants violated Home Loan's procedural due process rights under the Fourteenth Amendment of the United States Constitution because Home Loan was not given notice of defendants' demand for payment of the unpaid water charges before taking title to the properties. Home Loan further seeks declaratory relief that the Ordinances violate the Ohio Constitution and certain provisions of Ohio law.

**II.     Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992).

**III.    *Sui Juris***

Defendant Coshocton City Utilities Department correctly argues that Home Loan's claims against it fail because the department is not *sui juris* and therefore lacks the capacity to be sued. Under Ohio Revised Code § 715.01, "Each municipal corporation is a body politic and corporate, which . . . [may] sue and be sued. . . ." However, there is no statutory authority affording a municipal department that same capacity. *See Larson v. Canton City Utilities*, 2019-Ohio-5400, ¶ 19 (Ohio Ct. App.) ("Canton City Utilities, as a department of the City of Canton, a municipal corporation, is not *sui juris* and cannot

2

be sued absent statutory authority."); *Torrance v. Firstar*, 529 F.Supp.2d 836, 850 (S.D. Ohio 2007) ("The Cincinnati Water Works, as a department of the City of Cincinnati, a municipal corporation, is not *sui juris*.").

To the extent that Home Loan's claims concern the actions of the Coshocton City Utilities Department in demanding payment, Home Loan may proceed against the legally responsible entity, defendant City of Coshocton.

## IV. Due Process

To establish a procedural due process claim in a § 1983 action, plaintiff must demonstrate the following three elements: (1) plaintiff has "a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment," (2) plaintiff was "deprived of this protected interest within the meaning of the Due Process Clause," and (3) defendant did not afford plaintiff "adequate procedural rights" prior to the deprivation. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). For purposes of the pending motion for summary judgment, the Court assumes that the first two elements are satisfied.[1]

Home Loan argues that due process required that the City, prior to Home Loan taking title to the properties, provide Home Loan with notice and an opportunity to be heard on its demand for payment of the previous owner's unpaid water charges. The City, which made the demand pursuant to Ordinances 933.04 and 933.08, argues that citizens do not have an individual right to be heard before they are affected by laws of general applicability.

The Court finds that the City is correct. The controlling principle is found in *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915). In *Bi–Metallic*, the United States Supreme Court held that due process did not require a hearing for each landowner affected by a generally-applicable law which increased the valuation of all taxable property in Denver, Colorado by 40%. "General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected

---

[1] There is some uncertainty on the record as to whether Home Loan's interest in the two properties has been "deprived." Home Loan has shown that the City made demands for payment of past water charges, but the City has not obtained liens on the properties or initiated legal action. *See* Hamilton Decl., ¶¶ 6–9; Britt Decl., Ex. B. Nor has the City cut off water service. *See* Kadri Aff., ¶ 8. Even so, the Court assumes that Home Loan's property interest has been deprived for purposes of the pending motion.

3

in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule." *Id.*

Subsequent Supreme Court decisions have established that a legislature, in "altering substantive rights through enactment of rules of general applicability," "provides constitutionally adequate process simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity both to familiarize themselves with the general requirements imposed and to comply with those requirements." *United States v. Locke*, 471 U.S. 84, 108 (1985); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) (a "legislative determination [altering welfare benefits] provides all the process that is due"). *See also Rogin v. Bensalem Twp.*, 616 F.2d 680, 694 (3d Cir. 1980) ("'[T]he general theory of republican government is not due process through individual hearings and the application of standards of behavior, but through elective representation, partisan politics, and the ultimate sovereignty of the people to vote out of office those legislators who are unfaithful to the public will.").

The Sixth Circuit has clarified that this principle applies to enactments which are legislative in character and which do not target or single out certain individuals. *See Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 457–58 (6th Cir. 2009) (holding that even if a city ordinance "did deprive the scrap dealers of property, they have received all the process they are entitled to because the deprivation was legislative in character"); *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 896 (6th Cir. 1991) ("Governmental determinations of a general nature that affect all equally do not give rise to a due process right to be heard."); *37712, Inc. v. Ohio Dep't of Liquor Control*, 113 F.3d 614, 619 (6th Cir. 1997) (rejecting due process challenge to Ohio law which allowed for existing liquor licenses to be restricted in scope because "no notice or opportunity to be heard need proceed any legislative action of general applicability").

Ordinances 933.04 and 933.08 were enacted by the Coshocton City Council prior to the events at issue, and Home Loan is thus considered to have had notice of the requirement that it would take title subject to any unpaid water charges. It is undisputed that the Ordinances are legislative in nature, representing the City's "discretionary, policymaking" decisions about the services it provides and the responsibilities of property owners. *See Bogan v. Scott-Harris*, 523 U.S. 44, 55–56 (1998) (holding that an ordinance was legislative in nature because it "reflected a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents"). Finally, it is undisputed that the Ordinances apply to all property owners and do not single out Home Loan. *See Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 216 (6th Cir. 2011) ("'[L]egislation

4

normally is general in its scope rather than targeted on a specific individual, and its generality provides a safeguard that is a substitute for procedural protections.'") (quoting *Ind. Land Co., LLC v. City of Greenwood*, 378 F.3d 705, 710 (7th Cir. 2004)).

Accordingly, the Court finds that the City is entitled to summary judgment on Home Loan's federal due process claim.

## V. State Law Claims

Home Loan also asserts claims for declaratory judgment that the Ordinances violate the due process protections of the Ohio Constitution and violate Ohio law regarding the assessment of water rents and the recording of encumbrances on land. *See* O.R.C. §§ 743.04, 5301.25.

The City has repealed Ordinance 933.08, and the parties agree that Home Loan's state law claims regarding Ordinance 933.08 (Count II) are now moot. *See* Doc. 27 at p. 4.

With respect to the remaining state law claims regarding Ordinance 933.04 (Count I), the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.").

## VI. Conclusion

For the reasons stated above, defendants' motion for summary judgment (Doc. 20) is GRANTED as to plaintiff's federal due process claim. Count Two is dismissed as moot. The Court declines to exercise supplemental jurisdiction over the remainder of plaintiff's state law claims.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 26, 2023